IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| SHANNON DAY #1289845 | § | |
| v. | § | CIVIL ACTION NO. 6:08cv386 |
| CHERYL KYLE, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Shannon Day, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Day complained of deliberate indifference to his serious medical needs. The Magistrate Judge conducted an evidentiary hearing on April 30, 2009, to permit Day to provide sworn testimony concerning his claims. The Magistrate Judge also received certified, authenticated copies of prison records, including Day's medical records; however, these records were only considered insofar as they did not factually contradict Day's pleadings and testimony, which pleadings and testimony were taken as true.

After careful of the pleadings, testimony, and records, the Magistrate Judge issued a Report on July 13, 2009, recommending that the lawsuit be dismissed as frivolous. The Magistrate Judge determined that Day did not show that the prison officials had been deliberately indifferent

to his serious medical needs, as that term has been defined and applied by the Fifth Circuit Court of Appeals. Day filed objections to the Magistrate Judge's Report on July 28, 2009.

In his objections, Day complains first that service of process was not effected upon the Defendants. However, the Fifth Circuit has held that a determination as to frivolousness may be made at any stage in the proceeding, even prior to service of process. Cay v. Estelle, 789 F.2d 318, 324 (5th Cir. 1986). Because Day is proceeding *in forma pauperis*, and service of process is issued upon the direction of the Court and likewise may be done at any time. Such service is normally done after the screening process set out in 28 U.S.C. §1915A, in the event that any claims raised in the complaint are determined not to be frivolous. Day has not shown that he has any non-frivolous claims for which service of process should have been effected, and his objection on this point is without merit.

Second, Day asserts that he will show the Court that the Defendants are not protected by qualified immunity, because they knew that their actions were deliberately indifferent and thus violated clearly established rules of which a reasonable person would have known. No answers were filed in the case, and so the affirmative defense of qualified immunity was never invoked. Day's objection on this ground is without merit.

Third, Day says that the medical records received by the Court must have been incomplete, saying that there are "missing facts" in the Report. Specifically, Day says as follows:

> On March 8, 2007, Plaintiff went to John Sealy Hospital at Galveston to see a dermatologist to receive planned treatments and care for his chronic psoriasis. When Plaintiff came back to the Coffield Unit the physician's assistant [John] Nolen refused Plaintiff the dermatologist's planned treatment as has happened again on the dermatologist's prescribed treatment that were made on May 30, 2009 and June 30, 2009. The plaintiff believes that is the reason he is denied the Medical Digital service (MDS) by defendant Gibson, where he cannot receive any medical care from off the unit.

Next, Day recites the applicable legal standards, and says that his dental records show "noted delays" of treatment on his teeth, and that even though he was in great pain, he was refused pain medication and treatment. He concedes that he was seen by the dentist over eight times before he received

2

treatment, and that he was seen 16 times in four years, but he still has not received the fillings that he believes are appropriate.

Fourth, Day complains that he is legally blind without eyeglasses and that when he lost his glasses, he asked the medical department to call on the phone for a new pair, but it took eight months. Day argues that under the Americans with Disabilities Act, deliberate indifference to an inmate's health needs may be shown by negligent acts on the part of prison medical staff.

Fifth, Day says that he has been trying to get a hearing aid for four years, but that it took the Coffield Unit almost two years to do a follow-up exam, which was done in July of 2008. He says that this is because Nolen refused to supply him with a hearing aid. He again discusses qualified immunity, and attaches a number of documents to his objections.

The first document is a lengthy list of medications prescribed for Day, dated May 29, 2009, after the issuance of the Report. The list contains two entries for a medication called fluocinonide (Lidex), a topical steroid which reduces inflammation, redness, and swelling. Day has handwritten "never received" by the entries for this medication.

Next, Day includes pages from the TDCJ dental health manual and the dietary services manual, as well as policies and procedures regarding missed clinic appointments, direct medical orders, emergency lockdown procedures, and daily triaging of health complaints.

Day has an inmate request form saying that he saw a nurse on July 14, 2009, for renewal of his Lidex, but he has not received it, and that he should get some every five days and not every 30 days. The response was that it had been ordered on July 17, 2009.

On June 25, 2009, Day filed an inmate request form asking why the food service manual was not in the law library and why the diet line gets one box of cereal while the regular line gets two. The response was that he could try to request a copy of the manual but that it was not required that he get one, and that the diet line meals are planned by calories.

After a copy of a disciplinary case for failure to groom, the relevance of which is not clear, Day attaches copies of clinic notes from 2005. The notes dated July 7, 2005, discuss his

psoriasis, and the notes dated April 2, 2005, mention that Day has "diminished hearing by history" and that he wants hearing aids. There is also the result of a test, dated in January of 2006, for thyroid stimulating hormone.

Next, Day has a copy of a letter which he wrote to Cheryl Kyle, the medical administrator at the Coffield Unit, dated March 9, 2009, and bearing the docket number of this lawsuit. In the letter, Day says that he "has a big medical problem" with Nolen's deliberate indifference to his care and treatment; he notes that he has seen Nolen six times in the last 60 days and that Nolen has refused him treatment each time, including refusing him a diet to treat his acid reflux disorder, prescribing insufficient amounts of Lidex which he then never received, refusing blood tests for liver enzyme and blood sugar levels, and also says that the medical staff can take over four days to answer his sick call requests, and weeks to be scheduled for a doctor. Day acknowledges that he has refused to see Nolen a number of times and has had to file suit against him, and wants to know why he is still being scheduled to be seen by Nolen.

Finally, Day attaches copies of a Step One and Step Two grievance which he filed. The Step One grievance was signed on February 29, 2009, and says that he was refused admission to the infirmary on February 26, 2009, for no reason, even though he had a lay-in. He says that he has had the flu for two weeks and has sent sick call requests to the medical department, but has received no treatment. He also has been requesting treatment for hepatitis C and for acid reflux disorder, with no response. He then says that the unit infirmary staff told the officer at the door not to let any more inmates in because "they were full."

The response to this grievance, which was signed on March 27, 2009, said that his request for a renewal of his medical diet was denied by the medical provider. On March 25, he submitted a sick call request for medication renewal, hepatitis C treatment, renewal of his diet, and a "sunlight pass." However, there were no sick call requests received in February regarding the flu. On February 26, 2009, the medical records show that Day was a no-show for sick call. He can re-submit a sick call request if he needs further evaluation.

In his Step Two grievance appeal, Day says that he is appealing because the warden did not answer his complaint about being refused entrance and treatment at the infirmary. The response was that he had been documented as being a no-show at the infirmary that day and that there was no evidence to confirm or deny the claim that he had been refused entrance. A request was received on February 27 for renewal of his diet and he was advised that the diet pass did not expire until March 5. He was a no-show for a dermatology video clinic appointment on March 4, but Nolen saw him the next day and prescribed medications including Lidex and Benadryl. He was seen by a nurse practitioner named Pierson on March 23, at which time medication was prescribed, he was referred to the dermatology department, a renewal of his medical diet was ordered, and he was referred to the Chronic Infectious Disease coordinator for hepatitis C treatment. He was seen by Pierson for a hepatitis C individual treatment plan on May 19, 2009 and a follow-up appointment has been scheduled. He was also seen by the dermatology clinic on June 2, 2009, and a follow-up appointment is scheduled there as well.

Neither Day's objections, nor the documents which he attaches to his objections, show that he has been subjected to deliberate indifference to his serious medical needs. He concedes and his records show that he has seen medical personnel on a large number of occasions and has received a substantial quantum of treatment. As the Magistrate Judge noted, Day had no difficulty at the evidentiary hearing despite his claimed lack of a hearing aid, nor did he file any grievances regarding hearing difficulties. He filed one grievance in December of 2006 about his eyeglasses, and was told that he had a pending appointment; Day did not file any grievances complaining about an eight-month delay in obtaining a replacement pair.

Although Day appears to place great emphasis on the TDCJ procedures manuals which he attaches to his objections, the Fifth Circuit has stated that a violation of prison rules alone is not sufficient to rise to the standards of a constitutional claim. Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986). Day's contention that

deliberate indifference can be proven by negligent acts is likewise without merit; the Supreme Court and the Fifth Circuit have expressly differentiated between negligence and deliberate indifference. *See* Daniels v. Williams, 474 U.S. 327, 331-33 (1986); Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997).

Day's letter to Kyle, written during the course of this litigation, complains about Nolen but acknowledges that he has been seen six times in a two-month period. Finally, the fact that Day may have been turned away from the infirmary on one occasion, as he says in his grievances, does not show deliberate indifference. *See* Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). The response to Day's Step Two grievance confirms the Magistrate Judge's assessment that Day has not been subjected to deliberate indifference to his serious medical needs. Day's objections to the Report of the Magistrate Judge are without merit.

The Court has conducted a careful *de novo* review of the pleadings, testimony, and records in this case, including the Plaintiff's complaint and other pleadings, the testimony at the evidentiary hearing, the records and documents offered at that hearing and those furnished by the Plaintiff, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted. It is further

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 2nd day of September, 2009.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**